NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AGUSTIN MURILLO-NAVARRO, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.    16-73024 <br><br> Agency No. A092-880-727 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019[**]

Before:     FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Agustin Murillo-Navarro, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's order ("IJ") denying his motion to reopen removal proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Murillo-Navarro's motion to reopen based on lack of notice, where he concedes that personal service of the notice of hearing on his attorney of record constituted sufficient notice. *See* 8 U.S.C. § 1229a(b)(5)(A); 8 C.F.R. § 1003.26(c)(2).

We lack jurisdiction to consider Murillo-Navarro's unexhausted contentions regarding ineffective assistance of counsel, and that the IJ's denial of his motion to reopen violated due process. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (this court lacks jurisdiction to review contentions not raised before the agency); *Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (new evidence may be added to the record through a motion to reopen with the agency).

To the extent Murillo-Navarro challenges the agency's discretionary decision not to reopen proceedings sua sponte, we lack jurisdiction to review this determination absent a claim of legal or constitutional error. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016)

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

16-73024